UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>JASMINE MONA GREEN, a/k/a<br>JASMINE MONA JAVID,<br><br>　　　　　　Defendant. | Case No. 1:18-CR-00384-BLW<br><br>**REPORT AND<br>RECOMMENDATION** |

On May 22, 2019, Defendant Jasmine Mona Green appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 20). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

**REPORT AND RECOMMENDATION - 1**

sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this matter, a detention hearing was held on December 20, 2019. The Court denied the Government's motion for detention. (Dkt. 11.) The Court entered an order setting conditions of release, which included a requirement that Defendant report to inpatient drug treatment. (Dkt. 12.)

On February 12, 2019, U.S. Probation filed a release status report indicating Defendant had, at that point, been compliant with the conditions of her pretrial release and requested removal of the requirement for curfew verified by location monitoring. (Dkt. 16.) However, on April 4, 2019, U.S. Probation filed a second release status report indicating, at that time, Defendant had not met the conditions of release because she had received an administrative discharge from the inpatient drug treatment program due to her manipulative behavior. (Dkt. 19.) Following discharge, Defendant returned to live with her mother in Kimberly, Idaho. *Id.* She was then referred to an outpatient substance abuse treatment program. *Id.* On March 25, 2019, Defendant admitted, verbally, and in

**REPORT AND RECOMMENDATION - 2**

writing, that she consumed alcohol and used methamphetamine on March 23, 2019 and March 24, 2019. *Id.* Due to her drug and alcohol use, Defendant was allowed to return to the inpatient program under a strict behavioral contract. *Id.* On May 21, 2019, U.S. Probation submitted a third release status report to the Court. (Dkt. 25.) The report indicates that Defendant currently has no employment obligations and yet has failed to submit three required urinalyses (March 28, May 7, and May 19, 2019). *Id.* Yet, as of the date of that report, U.S. Probation recommended that Defendant's conditions of pretrial supervision remain unchanged. *Id.*

During the May 22, 2019 change of plea hearing, the Government opposed Defendant's release pending imposition of sentence due to the violations of her release conditions set forth above. Upon request of the Court, and immediately following the change of plea hearing, Defendant submitted to a urinalysis, the results of which were negative for drugs and alcohol.

Upon consideration of the totality of the circumstances presented in this case, including the conditions of release and Defendant's drug and alcohol use while on release and her continued non-compliance with required drug screening and treatment, the Court finds that exceptional reasons have not been shown to justify continued release. However, the Court will recommend that Defendant be allowed to self-report for detention 20 days from this Report and Recommendation, on June 11, 2019.

**REPORT AND RECOMMENDATION - 3**

## RECOMMENDATION

NOW THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant Jasmine Mona Green's plea of guilty to Count One of the Indictment (Dkt. 1);

2) The District Court order forfeiture consistent with Defendant Jasmine Mona Green's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 1) and the Plea Agreement (Dkt. 20);

3) The District Court grant, at the appropriate time, the United States' motion to dismiss Count Two of the Indictment (Dkt. 1) as to Defendant;

4) The District Court detain Defendant pending imposition of her sentence, beginning on June 11, 2019, on which date Defendant must self-surrender to the U.S. Marshal's Office or as otherwise directed by the U.S. Marshals.

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: May 22, 2019

_____
CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION - 4